Form 149

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Ronald B. Diggs IV**
    Debtor(s)

Bankruptcy Case No.: 16–23300–GLT
Issued Per 1/9/2017 Proceeding
Chapter: 13
Docket No.: 48 – 16
Concil. Conf.: March 9, 2017 at 03:30 PM

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED
AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.) PLAN CONFIRMATION:*

    IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated September 29, 2016 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☐ A.    For the remainder of the Plan term, the periodic Plan payment is amended to be $ as of . Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B.    The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☑ C.    Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on Mar. 9, 2017 at 03:30 PM, in 3251 U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219.* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☑ D.    Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E.    The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F.    shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☐ G.    The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: .

☑ H.    Additional Terms: Claims secured by the following properties shall not be paid due to surrender of collateral: 8003 Lincoln, 1017 Lincoln, 7912 Batvia and 1143 Rebecca.

*(2.)*   *IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.**   **Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.**   **Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.**   **Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.**   **Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.**   **Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)* **IT IS FURTHER ORDERED THAT:**

**A.** After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.** Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.** Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty−one (21) days prior to the change taking effect.

**D.** Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016−1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.** The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre−confirmation defaults in any subsequent motion to dismiss.

**F.** In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any *secured claim* that is secured by the subject property, unless directed otherwise by further Order of Court.

Gregory L. Taddonio, Judge
United States Bankruptcy Court

Dated: January 13, 2017

cc: All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court
Western District of Pennsylvania

In re:  
Ronald B. Diggs  
    Debtor

Case No. 16-23300-GLT  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0315-2      User: dbas      Page 1 of 2      Date Rcvd: Jan 13, 2017  
                 Form ID: 149      Total Noticed: 24

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 15, 2017.

```
db              +Ronald B. Diggs, IV,    329 Lennox Avenue,    Pittsburgh, PA 15235-4408
cr              +Wilkinsburg School District and Wilkinsburg Boroug,    Tax Division,
                  c/o Maiello, Brungo & Maiello, LLP,    Foxpointe II,    100 Purity Rd, Ste. 3,
                  Pittsburgh, PA 15235-4441
14284184        +Adam H. Davis, Esquire,    Phelan Hallinan Diamond & Jones, LLP,
                  1617 JFK Boulevard, Suite 1400,    One Penn Plaza,    Philadelphia, PA 19103-1823
14284194        +Allegheny County,    436 Grant Street,    Room 108,    Pittsburgh, PA 15219-2497
14284182        +Borough of Wilkinsburg,    c/o Maiello, Brungo & Maiello, LLP,    100 Purity Road, Suite 3,
                  Pittsburgh, PA 15235-4441
14314898        +City and School District of Pittsburgh,    c/o Goehring Rutter & Boehm,
                  437 Grant Street, 14th Floor,    Pittsburgh, PA 15219-6101
14284195        +City of Duquesne,    12 South Second St.,    Duquesne, PA 15110-1148
14284189        +City of Pittsburgh,    414 Grant Street,    Pittsburgh, PA 15219,    Goehring, Rutter & Boehm,
                  437 Grant Street, 14th Floor,    Pittsburgh, PA 15219-6107
14314937        +County of Allegheny,    c/o Goehring Rutter & Boehm,    437 Grant Street, 14th Floor,
                  Pittsburgh, PA 15219-6101
14284197        +Emmanuel J. Argentieri, Esquire,    Roman Garubo & Argentieri,    52 Newton Avenue,
                  P.O. Box 456,    Woodbury, NJ 08096-7456
14284190        +Jordan Tax Services,    102 Rahway Road,    McMurray, PA 15317-3349
14284196        +Mon Valley Petroleum,    5515 West Smithfield,    McKeesport, PA 15135-1261
14284187        +Municipality of Penn Hills,    c/o Portnoff Law Associates, Ltd.,    P.O. Box 3020,
                  Norristown, PA 19404-3020
14311730        +Penn Hills Municipality,    c/o Maiello Brungo & Maiello, LLP,    100 Purity Road, Suite 3,
                  Pittsburgh, PA 15235-4441
14311762        +Penn Hills School District,    c/o Maiello Brungo & Maiello, LLP,    100 Purity Road, Suite 3,
                  Pittsburgh, PA 15235-4441
14284188        +US Bank, NA as Trustee for,    Truman 2013 SC4 Title Trust,
                  c/o Rushmore Loan Management Services,    PO Box 52708,    Irvine, CA 92619-2708
14284193        +Wells Fargo Bank, NA,    4101 Wiseman Road,    San Antonio, TX 78251-4200
14284183        +Wilkinsburg School District,    c/o Maiello, Brungo & Maiello, LLP,    100 Purity Road, Suite 3,
                  Pittsburgh, PA 15235-4441
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

```
14284181         E-mail/Text: bankruptcy.bnc@ditech.com Jan 14 2017 01:53:26     Ditech Financial LLC,
                  PO Box 6172,    Rapid City, SD 57709-6172
14345556        +E-mail/Text: DQENOTICES@BERNSTEINLAW.COM Jan 14 2017 01:54:11     Duquesne Light Company,
                  c/o Peter J. Ashcroft,,    Bernstein-Burkley, P.C.,,    707 Grant St., Suite 2200, Gulf Tower,,
                  Pittsburgh, PA 15219-1945
14284192         E-mail/Text: bankruptcy.bnc@ditech.com Jan 14 2017 01:53:26     Green Tree Servicing,
                  PO Box 6172,    Rapid City, SD 57709-6172
14284186        +E-mail/Text: cio.bncmail@irs.gov Jan 14 2017 01:53:24     Internal Revenue Service,
                  PO Box 7346,    Philadelphia, PA 19101-7346
14284191        +Fax: 407-737-5634 Jan 14 2017 02:14:54     Ocwen Loan Servicing, LLC,
                  1661 Worthington Road, Ste. 100,    West Palm Beach, FL 33409-6493
14284185         E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jan 14 2017 01:53:37     Pennsylvania Department of Revenue,
                  Bankruptcy Division,    PO Box 280946,    Harrisburg, PA 17128-0946
                                                                                               TOTAL: 6
```

```
              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr               Allegheny County
cr               City and School District of Pittsburgh
cr               Ditech Financial LLC
cr               Duquesne Light Company
cr               Pa Dept of Revenue
cr*             +Municipality of Penn Hills,    c/o Portnoff Law Associates, Ltd.,    P.O. Box 3020,
                  Norristown, PA 19404-3020
14298043*        Pennsylvania Department of Revenue,    Bankruptcy Division  PO Box 280946,
                  Harrisburg PA   17128-0946
                                                                                               TOTALS: 5, * 2, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

```
District/off: 0315-2          User: dbas              Page 2 of 2              Date Rcvd: Jan 13, 2017
                              Form ID: 149            Total Noticed: 24
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 15, 2017                                    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 13, 2017 at the address(es) listed below:

```
          James  Warmbrodt    on behalf of Creditor    Ditech Financial LLC bkgroup@kmllawgroup.com
          James R. Wood    on behalf of Creditor    Municipality of Penn Hills jwood@portnoffonline.com,
           jwood@ecf.inforuptcy.com
          Jeffrey R. Hunt    on behalf of Creditor    City and School District of Pittsburgh jhunt@grblaw.com,
           cnoroski@grblaw.com
          Jeffrey R. Hunt    on behalf of Creditor    Allegheny County jhunt@grblaw.com,   cnoroski@grblaw.com
          Jennifer L. Cerce    on behalf of Creditor    Wilkinsburg School District and Wilkinsburg Borough
           jlc@mbm-law.net
          Joseph Jasper Swartz    on behalf of Creditor    Pa Dept of Revenue RA-occbankruptcy2@state.pa.us,
           RA-occbankruptcy6@state.pa.us
          Joshua I. Goldman    on behalf of Creditor    Ditech Financial LLC bkgroup@kmllawgroup.com
          Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
          Paul William Bercik    on behalf of Debtor Ronald B. Diggs, IV pwilliambercik@cs.com,
           pwilliambercik@yahoo.com
          Peter J. Ashcroft    on behalf of Creditor    Duquesne Light Company pashcroft@bernsteinlaw.com,
           ckutch@ecf.courtdrive.com;pashcroft@ecf.courtdrive.com;pghecf@bernsteinlaw.com;cabbott@ecf.courtd
           rive.com
          Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
                                                                                               TOTAL: 11
```